IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-1-4-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LAVANTA R. CURRIE ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 252.)

In 2005, defendant pled guilty to Hobbs Act robbery and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The court sentenced him to 33 months imprisonment for the robbery offense; 84 months imprisonment on the first § 924(c) count, to run consecutively; and, 240 months imprisonment on the second § 924(c) count, to run consecutively to all other counts, for a total term of 357 months imprisonment.

In August 2020, on defendant's *pro se* motion, the court appointed counsel to represent him for purposes of seeking potential relief under the First Step Act of 2018 ("First Step Act"). (DE # 247.) Shortly thereafter, defendant filed *pro se* a motion to reduce his sentence, with supporting documents. (DE # 249.) Appointed counsel then filed the instant motion with supporting documents. The government filed a response in opposition with supporting documents. (DE # 256.)

Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act.[1] That statute provides in relevant part:

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

Before addressing the merits of defendant's motion, it appears defendant exhausted his administrative rights in the Bureau of Prisons ("BOP") prior to the filing of his counseled

2

motion. In September 2020, defendant submitted a request for a sentence reduction to the Warden, which the Warden denied in October 2020. (See Resp., Exs. 1, 2, DE ## 256-1, 256-2.) The government acknowledges defendant's counseled "motion is properly before the Court." (Resp., DE # 256, at 6.) Therefore, the court will consider the merits of the motion.

Defendant requests that the court reduce his sentence of imprisonment to 201 months, the equivalent of a time-served sentence. (Mot., DE # 252, at 2 & n.3.) He contends the changes in § 924(c) sentences under the First Step Act and the threat COVID-19 poses to his health while incarcerated constitute extraordinary and compelling reasons to modify his sentence. (Id. at 7-14.) The government argues that neither ground justifies reducing defendant's sentence. (See Resp., DE # 256, at 19-33.) It further argues the § 3553(a) factors weigh against defendant's release. (Id. at 33-36.)

The court first examines defendant's sentence of imprisonment and then the First Step Act's amendment of § 924(c) sentences. For the robbery count, defendant's guideline imprisonment range was 33 to 41 months. (PSR ¶ 78.) The court sentenced defendant to the bottom of that range. On the first § 924(c) count, the court sentenced him to the mandatory minimum term of imprisonment, 84 months, which was required to run consecutively. See 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii) (2003). (See also PSR ¶ 75.) On the second § 924(c) count, because he had pled guilty to the first § 924(c) count, defendant faced a mandatory minimum 25-year consecutive term of imprisonment. See 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii) (2003). (See also PSR ¶ 79.) However, on the government's motion, the court downwardly departed from this minimum term by five years and imposed a consecutive sentence of 240 months imprisonment on that count.

"The First Step Act amended 18 U.S.C. § 924(c)(1)(C) such that the enhanced mandatory

3

Case 5:05-cr-00001-BR   Document 258   Filed 02/03/21   Page 3 of 6

minimum penalty for a second or any subsequent § 924(c) conviction, . . . applies only when an offender's first conviction under § 924(c) was 'final' when the subsequent violation was committed." United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. 2020) (citing First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22) (footnote omitted); see also McCoy, 981 F.3d at 275. If this law had been in effect when defendant committed the second § 924(c) offense, defendant's mandatory minimum consecutive term of imprisonment would have been 7 years—not 25—because his conviction on the first § 924(c) count was not final. See 18 U.S.C. § 924(c)(1)(A)(ii), (C) (2018).

As discussed further below, prior to the instant offenses, defendant's criminal history was minimal, and he had never been required to serve a term of imprisonment. (See PSR ¶ 42.) Defendant had just turned 18 years old when he committed the instant offenses and engaged in related conduct over a three-week period. (Id. ¶ 21.) Although the court downwardly departed and did not sentence defendant to the mandatory minimum term of imprisonment, a sentence on the second § 924(c) count today would result in at least 13 years less imprisonment. The court concludes that under these circumstances, this sentencing disparity constitutes an extraordinary and compelling reason to warrant reducing defendant's sentence. See McCoy, 981 F.3d at 288 (approving the district courts' "reliance on the length of the defendants' sentences, and the dramatic degree to which they exceed what Congress now deems appropriate, in finding 'extraordinary and compelling reasons' for potential sentence reductions").

The court also examines the other ground defendant raises: the COVID-19 pandemic combined with his health and incarceration. "[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health

4

conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 34 years old. He is obese and has borderline hypertension. (Mot., Ex. 2, DE # 252-2.) Obesity increases the risk of severe illness from COVID-19, while hypertension might increase that risk. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 2, 2021). Defendant tested positive for COVID-19 six months ago and fortunately was asymptomatic. (See Mot., Ex. 2, DE # 252-2.) Although reinfection is reportedly rare, it is possible. See CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Feb. 2, 2021). To be sure, defendant faces an "actual, non-speculative risk of exposure to COVID-19 at FCI Butner Low," where he is incarcerated. United States v. Estrada, Criminal Action No. 12-581-1, 2021 WL 308271, at *2 (E.D. Pa. Jam. 29, 2021) (citation and internal quotation marks omitted). However, according to recent data from the BOP, currently 1 inmate and 7 staff are positive for COVID-19 there. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021). While the court might not conclude that the threat COVID-19 poses to defendant *alone* constitutes an extraordinary and compelling reason to reduce his sentence, it certainly bolsters justification for reducing his sentence in light of the change to § 924(c) sentencing law.

Next, the court considers the § 3553(a) factors. As noted previously, defendant was 18

5

years old at the time he committed the instant offenses. Prior to that time, his only conviction was a misdemeanor, larceny. (PSR ¶ 42.) The instant offense conduct was very serious. Defendant, with others, robbed eight businesses, and defendant was armed during each robbery. (Id. ¶¶ 22-30.) He has been in custody more than 16 years. During that time, he has earned his GED, taken numerous courses, maintained employment, and made payments towards his financial obligations. (Mot., Ex. 1, DE # 252-1.) The BOP has sanctioned him for four prohibited acts, the last of which was three years ago. (Id.) Upon release, defendant plans to reside with his sister. (Mot., Exs. 5, 7, DE ## 249-5, 249-7.)

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment to time served would provide just punishment and reflect the seriousness of the offenses committed. Defendant's counseled motion is ALLOWED, and his *pro se* motion is DENIED as moot. Defendant's sentence of imprisonment as reflected in the judgment dated 5 October 2005 is REDUCED to time served. All other provisions of the judgment dated 5 October 2005 shall remain in effect. The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons. For purposes of the record, the Clerk is DIRECTED to file defendant's presentence report under seal.

This 3 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge